UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**PAUL MUHIRWA GITWAZA,**

Plaintiff,

v.                                         No. 4:22-cv-00434-P

**MERRICK B. GARLAND, ET AL.,**

Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff Paul Muhirwa Gitwaza's Application for Attorney Fees. ECF No. 53. After review of the Motion and case law, the Court determines that the Motion should be and is hereby **DENIED**.

## BACKGROUND

The Court assumes the Parties' familiarity with the background facts and procedural history of this case. *See* ECF No. 52. The Court will therefore limit its discussion of the background facts and procedural history to what is necessary to decide the instant motion.

The Court found that Mr. Gitwaza had demonstrated by a preponderance of the evidence that he possessed the requisite good moral character for naturalization. He was originally denied naturalization by United States Citizenship and Immigration Services ("USCIS"). Following the Court's Order, Mr. Gitwaza filed the present motion for attorney's fees to which the Government responded. The Motion is thus ripe for review.

## ANALYSIS

The Equal Access to Justice Act ("EAJA") mandates that federal courts award fees to the prevailing private party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Under EAJA, the "position of the United States" includes both "the

position taken by the United States in the civil action" and "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). Thus, the Government's stance encompasses the decisions made by USCIS as well as its litigation position defending the agency action. *W.M.V.C. v. Barr*, 926 F.3d 202, 208 (5th Cir. 2019) (quoting *Sylejmani v. Barr*, 768 Fed. App'x 212, 218 (5th Cir. 2019)).

The Government bears the burden of demonstrating that its position was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Courts must evaluate the Government's position under the totality of the circumstances, meaning that "if the Government's position as a whole was reasonable, a prevailing party may not recover EAJA fees even though some of the Government's actions or arguments were without merit." *W.M.V.C.*, 926 F.3d at 210.

In this case, the Government's position was substantially justified. To determine reasonableness, the Court looks to "objective indicia"— such as whether the case resolved through a settlement, "the stage in the proceedings at which the merits were decided," and whether the agency has suffered "a string of losses" advancing the same legal argument—which are relevant but not dispositive. *Pierce*, 487 U.S. at 568–69. For instance, if a case resolves factually against the Government on summary judgment, then that is a significant factor weighing against substantial justification "because the burden on the party resisting a summary judgment motion is so minimal." *E.E.O.C. v. Clay Printing Co.*, 13 F.3d 813, 815 (4th Cir. 1994). Conversely, the fact that a plaintiff's claim survives the Government's summary judgment motion is "insufficient" to establish that the Government's position was unjustified, even if the case later settles before trial. *Nat'l Org. for Marriage, Inc. v. United States*, 807 F.3d 592, 598 (4th Cir. 2015); *accord Kaffenberger v. United States*, 314 F.3d 944, 960 (8th Cir. 2003) ("[F]act disputes that preclude summary judgment do not establish that the moving party's position is not substantially justified.").

In this case, the Parties did not reach a settlement, which supports the justification of the Government's position. *Cf. Pierce*, 487 U.S. at 568–69. The merits were decided after a bench trial, further indicating that the Government's position was reasonable. Although Gitwaza

survived the Government's summary judgment motion, that does not by itself establish that the Government's position was not substantially justified. *See Kaffenberger*, 314 F.3d at 960. Additionally, Gitwaza's own summary-judgment motion was denied, indicating that his entitlement to naturalization was not so easily decided. The final decision in Gitwaza's favor at the bench trial, based on a preponderance of the evidence, does not equate to a finding of no substantial justification. *See id.* The Court's ultimate conclusion was a close one—in the end finding that the testimony of Mr. Gitwaza, combined with the sparse evidence presented by the Government, resolved in favor of Mr. Gitwaza. At no point has the Court regarded the Government's position as unjustified.

Furthermore, USCIS's position in denying Mr. Gitwaza's naturalization was also substantially justified. The agency reasonably concluded that the circumstances and facts available about the matters leading to Gitwaza's disorderly conduct plea cast sufficient doubt on his moral character and that he failed to show extenuating circumstances. The agency recognized that the disorderly conduct conviction was not *automatically* disqualifying and applied the "catch-all" provision, requiring consideration of whether Gitwaza committed any "unlawful acts" reflecting poorly on his moral character and whether extenuating circumstances existed. ECF No. 48 at 4–6. As this Court noted, "the circumstances surrounding Gitwaza's arrest and subsequent plea do raise questions concerning his moral character that must be addressed." ECF No. 52 at 4. While the Court ultimately found Mr. Gitwaza's testimony credible and determined he met the burden for naturalization, the positions taken by USCIS and the Government were substantially justified in his original denial, and the Government's subsequent defense of that denial.

## CONCLUSION

In order to avoid the awarding of attorney's fees under EAJA, the Government must show that the actions of the USCIS and Government were substantially justified throughout this case and before. As explained above, they have done so. For that reason, the Court must **DENY** Mr. Gitwaza's Motion for Attorney Fees. ECF No. 53.

**SO ORDERED** on this **9th day of August 2024.**

*[Signature: Mark T. Pittman]*

Mark T. Pittman
UNITED STATED DISTRICT JUDGE

3